**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):** Order Denying Plaintiff's Motion to Remand [13]

Currently before the Court is Plaintiff, Joel Schuyler's ("Plaintiff"), Motion to Remand to State Court. (Dkt. No. 13.) The Court deems the matter appropriate for decision without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure ("Rule ___") and Local Rule 7-15. After careful consideration of the parties' papers, the Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff instituted this action in the Los Angeles County Superior Court on or about August 6, 2010. Plaintiff seeks recovery from Defendants, Morton's of Chicago, Inc. and Morton's the Steakhouse (collectively, "Defendants"), for alleged violations of the California Labor Code (the "Labor Code"), California Business and Professions Code, and applicable Wage Orders issued by the California Industrial Welfare Commission.[1] (Compl. ¶ 1, Dkt. No. 1, Exh. A.) On September 10, 2010, Defendants removed the case based on diversity jurisdiction. (Notice of Removal, Dkt. No. 1.)

Plaintiff, a California resident, worked for Defendants as a California-based assistant manager in the capacity of a "Day Manager" from approximately July 2005 to June 2007 and as an "Assistant Manager" from June 2007 to April 2009. (Compl. ¶¶ 8-9.) Generally, Plaintiff claims that Defendants have: (1) Failed to pay state-mandated overtime wages for

---

[1] Specifically, Plaintiff seeks recovery for Defendants' violations of Labor Code §§ 1194, *et seq.*, §§ 200, *et seq*, §§ 500, *et seq.*, §§ 2698, *et seq.*, Cal. Bus. & Prof. Code §§ 17000, *et seq.*, §§ 17200, *et seq.*, and applicable Wage Orders.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

all overtime hours worked; (2) Failed to provide meal periods; (3) Failed to authorize and permit paid rest periods; (4) Failed to timely furnish accurate itemized wage statements; (5) Violated Labor Code § 203; and (6) Conducted unfair business practices. (Compl. ¶ 10.) In addition, based on these allegations, the Complaint alleges a class action on behalf of individuals who may be entitled to monies unlawfully withheld by Defendants. Plaintiffs seek to certify putative classes composed of all similarly situated California-based Assistant Managers based on the various alleged violations respectively. (Compl. ¶¶ 26-28.)

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Accordingly, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1332(a), in turn, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

## III.   DISCUSSION

Plaintiff moves the Court to remand this case arguing that his claims do not meet the amount in controversy necessary for diversity jurisdiction. (*See* Mot. at 2-5.) Specifically, Plaintiff contends that Defendants have not proven to the requisite burden of proof that the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

amount in controversy exceeds the jurisdictional limit of $75,000.00. Defendants oppose the Motion arguing that the burden of proof is not to a "legal certainty" as Plaintiff contends. Particularly, Defendants aver that parties seeking removal need only establish the amount in controversy to a preponderance of the evidence where "it is unclear or ambiguous from the face of the state court complaint whether the requisite amount in controversy is pled." (*See* Opp'n 1-2.) Accordingly, parties dispute whether the amount in controversy has been established to a preponderance of the evidence or to a legal certainty.

    A.    THE REQUISITE BURDEN OF PROOF IN ESTABLISHING THE AMOUNT IN CONTROVERSY

In cases in which a plaintiff's state court complaint does not specify an exact figure for damages, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that where the amount at stake was not clear from allegations in the complaint, defendant seeking to remain in federal court has the burden "of actually proving the facts to support jurisdiction, including the jurisdictional amount"). However, "where the plaintiff has pled an amount in controversy less than" the jurisdictional minimum, "the party seeking removal must prove with legal certainty" that the minimum is in fact met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citations and internal quotation marks omitted). Therefore, the question is whether Plaintiff has alleged "a specific amount of damages." *Id.* at 998. In *Lowdermilk*, the Ninth Circuit considered what burden of proof a removing defendant must satisfy in a Class Action Fairness Act ("CAFA") case, where the plaintiff has averred damages of "less than five million dollars," the jurisdictional minimum under 28 U.S.C. § 1332(d)(2). *Id.* The Court concluded that such an express statement that the plaintiff is seeking less than the jurisdictional minimum qualifies as a pleading of a "specific amount in damages," triggering the application of the legal certainty standard. *Id.* Even though *Lowdermilk* was a CAFA case, it was subsequently applied by the Ninth Circuit in reviewing allegations of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Guglielmino v. McKee Food Corps.*, 506 F.3d 696, 699-701 (9th Cir. 2007).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

In this case, Plaintiff has expressly stated that the amount in controversy is less than the jurisdictional minimum pursuant to 28 U.S.C. § 1332(a). The Complaint alleges the following:

> The individual claims of the members of the Classes herein are under the seventy five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. (Compl. ¶ 24.)

Despite Plaintiff's efforts to maintain its action in state court, Defendants seek removal based on diversity jurisdiction.[2] Defendants argue that the allegations, as pled, are ambiguous because Plaintiff excluded attorneys' fees. (Opp'n at 2.) Particularly, Defendants contend that by specifying the inclusion of attorneys' fees in the second clause in reference to CAFA, Plaintiff effectively excluded attorneys' fees in the first clause. (Opp'n at 2.) As such, Defendants conclude that the exclusion of an attorneys' fees award leaves the first clause ambiguous as to whether the amount of controversy is, in fact, below $75,000.00. (*Id.*) In addition, Defendants aver that the Complaint's Prayer for Relief is ambiguous because it does not allege that "all . . . claims were under $75,000." (Opp'n at 3.) Accordingly, Defendants apply the preponderance of the evidence burden of proof in their papers.

While Courts have held that a complaint specifically alleging that "the individual claims of the members of a class do not exceed the jurisdictional threshold amount" was sufficiently clear to invoke the legal certainty burden of proof, *see, e.g., Lara v. Trimac Transporation Svcs.*, No. CV 10-4280 GHK (JCx), 2010 WL 3119366, at *1 (C.D. Cal. Aug. 6, 2010) (qualifying a similarly drafted Complaint as a pleading of a "specific amount in damages" triggering the legal certainty standard), the Court need not address this issue at this time. Regardless of the requisite burden of proof, the Court finds that Defendants have established to a legal certainty that the amount in controversy meets the jurisdictional limit.

---

[2] Defendants aver that it "did not remove the Complaint based upon CAFA." (Opp'n at 2.) As such, "[t]he only issue before the Court is the removal based upon individual diversity . . . ." (*Id.*)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

Thus, Defendants satisfy whichever standard that may apply for the following reasons.

    **B.**    CLAIMS INCLUDED IN THE AMOUNT IN CONTROVERSY CALCULATION

    **1.**    **Unpaid Overtime**

Defendants argue that Plaintiff's unpaid overtime claim pursuant to Labor Code § 1194(a) is at least $46,672.20.[3] Plaintiff disputes the underlying assumption of a standard 50 hour work week amounting to 10 hours of overtime per week. In addition, Plaintiff questions the source of the "Weekly Schedule Guide" dated May 2003 that indicates a "minimum 50 hour work week." At best, Plaintiff argues that the Weekly Schedule Guide is a guide or suggestion not a policy or expectation. (Reply at 4.) Defendants counter arguing that its calculation based on a 50 hour work week was permissible in light of the declaration of Margaret Green, a Senior Human Resources Manager for Morton's of Chicago, Inc., setting forth, among other things, the 50 hour work week guidelines. (*See* Decl. of Margaret Green ("Green Decl.") ¶ 7, Dkt. No. 3; Supplemental Green Decl., Exh. A, Dkt. No. 16.)[4] The Court agrees.

Despite Plaintiff's assertions that the 50 hour work week is speculative, Plaintiff does not offer any controverting evidence. Plaintiff merely dismisses Ms. Green's declaration and the accompanying document by questioning whether such guidelines were actually enforced. Plaintiff, however, fails to convince the Court that the 50 hour work week was not enforced or that a lesser estimate is proper. Particularly, the Court is inclined to consider Ms. Green's declaration as controlling where Plaintiff fails to provide anything substantive controverting the "minimum 50 hour work week."

---

    [3] The Defendant calculates this amount by assuming a 50 hour work week amounting to 10 hours of overtime per week. 10 hours of overtime multiplied by 38 weeks at $35.88 ($23.92 x 1.5) plus 10 hours of overtime multiplied by 79 weeks at a rate of $41.82 ($27.88 x 1.5) = $46,672.20.

    [4] While the supplemental declaration contains information and an exhibit that were not filed with Defendants' Removal papers, the Court will consider them nonetheless. *See Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969) ("it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

In addition, Plaintiff's broad allegations that "[Defendants] scheduled to work and in fact required the member of the Overtime Class to work in excess of eight hours per work days" do not provide any guidance as to the number of hours that may or may not reach the speculative level. (*See* Compl. ¶ 39c.) Rather, by expressly alleging that Plaintiff was required to work in excess of eight hours per work day, Plaintiff provides further credence to Ms. Green's declaration and Defendants' position. Ultimately, the Court finds that the purported 50 hour work week is not speculative based on the allegations and Defendants' evidence. Hence, Defendants have established to a legal certainty that Plaintiffs may recover $46,672.20 of unpaid overtime wages.

### 2. Meal / Rest Period Penalties

Pursuant to Labor Code § 226.7, Defendants calculate that $15,557.40[5] is in controversy for Plaintiff's missed meal periods claim. Also, Defendants aver that $15,557.40[6] is in controversy for Plaintiff's missed rest periods claim. Plaintiff objects to Defendants' assumption that Plaintiff missed every single meal period during his employment. (Mot. at 3.) Also, Plaintiff avers that Defendants' assumption entitling Plaintiff to both a meal and rest period premium on the same day has not been established by California law. (*Id*.)

While Plaintiff argues otherwise, the Complaint expressly alleges that as a company policy Defendants did not provide "either the first or second legally compliant meal period" and failed to "authorize and permit the required rest periods . . . ." (Compl. ¶¶ 57, 67.) As such, in calculating both Meal and Rest Period Penalties, Defendants "have merely pointed out that Plaintiff is suing for both meal break and rest break violations, and thereby seeks two hours worth of premium pay "for each work day" under [ ] Labor Code § 226.7(b)." *Lara*, 2010 WL 3119366, at *3. In addition, contrary to Plaintiff's arguments, California law supports the separate treatment of meal and rest period premiums. *See, e.g., Marlo v. United Parcel Serv., Inc.*, No. CV 03-04336 DDP, 2009 WL 1258491, at *7 (C.D. Cal. May 5,

---

[5] Calculation based on the following: 10 hours of overtime multiplied by 38 weeks or 190 days x $23.92 plus 79 weeks or 395 days x $27.88 = $15,557.40.

[6] Amount based on the same calculation as above.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

2009) ("[The plaintiff] may recover up to two additional hours of pay on a single work day for meal period and rest break violations: one if any meal period violations occur in a work day and one if any rest break violations occur in a work day. However, if more than one rest period violation occurs in a single work day but no meal period violations occur, [the plaintiff] may only recover one additional hour of pay for all of the rest period violations combined; likewise, if more than one meal period violation occurs in a single work day but no rest period violations occur on that day, [the plaintiff] may only recover one additional hour of pay for all of the meal period violations combined."). Accordingly, Defendants have established to a legal certainty that Plaintiff may recover $15,557.40 for Plaintiff's missed meal periods claim and $15,557.40 for Plaintiff's missed rest periods claim.

### 3. Waiting Time Penalties

Defendants estimate Plaintiff's waiting time penalties pursuant to Labor Code § 203 to be $6,691.20.[7] Plaintiff avers that the Complaint does not allege a 100% violation rate to allow for the full 30 days of penalties. (*See* Reply at 5.) The Complaint, however, specifies that "Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter." (Compl. ¶ 85.) As such, Defendants contend that the $223.04 for thirty days is not speculative and is supported by the allegations. (Opp'n at 9.) The Court agrees. Plaintiff expressly alleges a 100% violation amounting to the full 30 days the Labor Code allows. Accordingly, Plaintiff cannot, now, argue that Defendants' calculations based on this allegation are speculative. Hence, Defendants have established to a legal certainty that Plaintiff may recover $6,691.20 pursuant to Labor Code § 203.

---

[7] Labor Code §§ 201 and 202 require employers to pay their employees all wages due within seventy two hours of termination. If an employer willfully fails to timely pay such wages, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). As such, Defendants calculate Plaintiff may be entitled to: $223.04 x 30 days = $6,691.20.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

### 4. Wage Statement Penalties

Defendants argue that the amount in controversy concerning Plaintiff's claim for inaccurate wage statements pursuant to Labor Code § 226 is $2,550.00.[8] (Opp'n at 9.) In the Complaint, Plaintiff expressly alleges that "[a]s a pattern and practice in violation of Labor Code § 226(a) and the IWC Wage Order § 7(A), Defendants did not and still do not furnish each member of the members of the Wage Statement Class with an accurate itemized wages statement." (Compl. ¶ 75.) As such, the Court finds that Defendants have established to a legal certainty that Plaintiff may recover $2,550.00 pursuant to Labor Code § 226.

### 5. Penalties Pursuant to the Private Attorneys General Act

Defendants calculate penalties pursuant to Labor Code § 2699 to be $2,600.00. Plaintiff seeks "penalties as authorized by Labor Code 2699." (Compl. ¶ 26.) The Labor Code's Private Attorneys General Act ("PAGA") authorizes an employee to act as a private attorney general to recover civil penalties for Labor Code violations individually and on behalf of other employees without meeting class action requirements. *See* Cal. Lab. Code §§ 2698 *et seq*. Section 2699(f)(2) provides for recovery of penalties of (1) $100.00 per pay period for the initial violation; and (2) $200.00 per pay period for each subsequent violation. Specifically, § 2699(i) states that civil penalties "recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency . . . and 25 percent to the aggrieved employees." Therefore, the amount of $2,600 in controversy for this claim, based on a 25% share of the penalties associated with his claims for 26 pay periods, is established to a legal certainty, fully supported by Plaintiff's allegations.

---

[8] Labor Code § 226(e) prescribes: An employee suffering injury as a result [of an employer's failure to comply with a wage statement requirement] . . . is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees. Accordingly, violation of this Code section for 26 pay periods will equal $2,550.00.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06762 ODW (JCGx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | *Schuyler v. Morton's of Chicago, Inc., et al.* | | |

## IV. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion to Remand. Defendants have established with legal certainty that the amount in controversy meets the threshold jurisdictional limit. Particularly, the Court concludes that Defendants have established to a legal certainty that, at a minimum, $89,628.20[9] is in controversy. This amount does not account for potential attorneys' fees which will only increase the amount above. *See Guglielmino*, 506 F.3d at 700 (finding that the Section 1332(a)'s amount in controversy requirement only excludes "interests and costs" and therefore, by negative inference, includes attorneys' fees). As such, Defendants properly sought removal of this case based on diversity jurisdiction.

IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |

---

[9] $46,672.20 (overtime) + $15,557.40 (meal periods) + $15,557.40 (rest periods) + $6,691.20 (waiting time) + $2,550.00 (wage statement) + $2,600.00 (PAGA) = $89.628.20.